

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 13, 1973

The Honorable Jack Giberson
Chief Clerk
General Land Office
Austin, Texas 78701

Opinion No. H- 149

Re: Liability of State and
its agencies for Airway
Use Tax on civil aircraft

Dear Mr. Giberson:

Your letter requesting our opinion asks whether the General Land Office, as an agency of the State of Texas, is required as a matter of law, to pay an Airway Use Tax on state-owned aircraft and, if it is, whether the agency is obligated to pay interest and penalties on the amount not timely paid.

As background to this request are the facts that in a cause tried in the United States District Court for the Western District of Texas styled State of Texas v. United States of America, the State questioned its liability under § 4261 of Title 26 of the United States Code, Internal Revenue Code of 1954, for taxes imposed upon the amount paid by employees of the State for transportation on official State business. The State sought a refund.

That suit was terminated by a judgment of the United States District Court in June of 1972, denying the claim of the state. That decision was affirmed by the United States Court of Appeals for the Fifth Circuit, per curiam, in December, 1972, and is now a final judgment.

In the meantime, when the question of your agency's liability for the tax on the use of civil aircraft, imposed by § 4491 of Title 26, was brought to the attention of the Attorney General's office, you were advised apparently that this office was challenging the liability of State agencies to payment of such taxes and that you should not pay the tax.

In the prior suit, which this office filed, it was our contention that the tax levied upon transportation of State employees on State business was

unconstitutional as being violative of an implied governmental immunity. The United States District Court, in its conclusions of law, rejected this contention holding that the tax could be imposed constitutionally upon individual State employees traveling on official State business. The Court pointed to the fact that the purpose of these taxes was to provide additional revenue to finance increased government outlays in the expansion and development of airport and airway systems and to impose those additional costs upon the users of the system. It held that whether the tax was considered as an exercise by Congress of its power to regulate interstate commerce or as an exercise of the taxing power, it was constitutional as applied to employees of the State of Texas.

> "The airway user charge is not a tax in the traditional sense, but instead is a charge for services rendered and represents a quid pro quo, and as such, is outside the scope of the doctrine of implied intergovernmental tax immunity. . . ."

> "Nothing in the historical basis of dual sovereignty underlying the principle of state immunity from federal taxation requires that the states continue to receive the benefit of airway facilities and services actually used by states but furnished by the Federal Government without bearing their equitable share of the costs incurred in providing those particular benefits. Even employees of the Federal Government must pay the air transportation charge. No logical reason exists why all users of the air transportation system should not pay their fair share of such costs."

Since the issues are not identical, the State of Texas is not estopped from questioning the imposition of the tax on your aircraft. Nevertheless, it is our opinion that it would be unfruitful to question the tax.

Your letter requesting our opinion also asks whether you will be obligated to pay interest and penalties on the unpaid portions of the tax.

Section 6601 of Title 26 of the United States Code, the Internal Revenue Code of 1954, requires the payment of interest at the rate of 6% per annum in the event any tax imposed by the Code is not paid on or before the date prescribed for its payment. The interest is collected as a compensation for use of the money, and not as a penalty. Vick v. Phinney, 414 F. 2d 444 (5th Cir. 1969).

Penalties, which are governed by § 6672 of Title 26 are assessed in the nature of punishment for failing to collect and pay over a tax when due. By the terms of the section, those liable are "any person" defined in § 6671 as including "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs." Governmental agencies are not included. Cascade County v. Penwell, 67 F. Supp. 253 (D. C. Mont., 1946).

It is our opinion, therefore, that your agency should pay the tax imposed by § 4491, et seq., of Title 26 of the United States Code, imposed for the use of civil aircraft and owes interest on those taxes from the time they were due. It is further our opinion that the State is not liable for penalties.

## SUMMARY

Under the decision in State of Texas v. United States of America that the governmental immunity of the State of Texas and the doctrine of dual sovereignty do not exempt the State from liability for federal taxes upon the use of civil aircraft where the taxes are imposed for the purpose of constructing and operating airports and airways, the Land Office should pay similar taxes levied on a state-owned aircraft. The State may be liable for interest on the unpaid taxes but is not liable for any penalty.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee